IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| MICHAEL E. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | CV-03-01311-ST |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| WEST OREGON ELECTRIC COOPERATIVE, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

STEWART, Magistrate Judge:

## **INTRODUCTION**

Plaintiff, Michael E. Taylor ("Taylor"), brings this lawsuit alleging, in essence, that he was wrongfully terminated by his former employer, defendant West Oregon Electric Cooperative, Inc., ("WOEC"), for reasons related to his age. Taylor voluntarily withdrew his Third Cause of Action alleging a violation of 42 USC § 1983, and this court granted WOEC's motion for summary judgment to the Second Cause of Action for violation of the American with

1 - OPINION AND ORDER

Disabilities Act, 42 USC §§ 12101-12213.  Therefore, the remaining claim is the First Cause of Action for age discrimination in violation of the Age Discrimination Employment Act, 42 USC § 621, *et seq* ("ADEA").

All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with FRCP 73 and 28 USC § 636(c).

WOEC has now moved to dismiss the ADEA claim based on lack of subject matter jurisdiction or, alternatively, for judgment on the pleadings based on the statute of limitation (docket # 87).  In connection with that motion, Taylor has filed a Motion to Strike the Declaration of Daniel Barnhart (docket # 101) and WOEC has filed a Motion to Strike the hearsay statements in the Declaration of Michael Taylor (docket #112).  For the reasons set forth below, Taylor's motion to strike is granted in part and denied in part; WOEC's motion to strike is denied; and WOEC's motion to dismiss is granted.

## I. Taylor's Motion to Strike

Taylor moves to strike the Declaration of Daniel R. Barnhart in Support of Defendant's Motion to Dismiss dated August 15, 2005, along with Exhibits A - E.  This motion is granted in part and denied in part as follows:

### A. Exhibits A and B

Taylor moves to strike Exhibits A and B.  Those exhibits are documents from BOLI file, namely the Intake Questionnaire dated April 9, 2003, and Charge of Discrimination dated April 14, 2003.  Since Taylor himself has submitted a certified copy of the entire BOLI file, which includes the documents he wishes to strike, his motion to strike these records is denied.

///

### B. Exhibit C

Taylor moves to strike Exhibit C, which is the Notice of Grievance dated May 7, 2002, that he sent to his union. Contrary to WOEC's assertion, this document does not constitute an admission under FRE 801(d)(2). Nothing in the Notice admits anything by Taylor, but instead consists of his accusations. WOEC also contends that this document is offered only to prove that Taylor sent the letter and his state of mind, citing FRE 803(3). However, this court fails to conceive why it is relevant when Taylor sent this letter or his state of mind at that time. Therefore, Exhibit C is stricken.

### C. Exhibit D

Taylor moves to strike Exhibit D, a copy of the 2004 Worksharing Agreement between the Oregon Bureau of Labor and Industries ("BOLI") and the Equal Employment Opportunity Commission ("EEOC"). In response, WOEC has submitted a copy of the 2003 Worksharing Agreement which was in effect on April 14, 2003, when Taylor filed his charge of discrimination with BOLI (attached as Exhibit A to the Declaration of Amy Klare). Both agreements are public records of which the court may take judicial notice. FRE 803(8). Therefore, Taylor's motion to strike Exhibit D is denied.

### E. Exhibit E

Exhibit E is a letter from the EEOC to Mr. Barnhart which confirms that the EEOC has "no record of any filing of a charge of discrimination" by Taylor against WOEC. WOEC assets that it constitutes a public record under FRE 803(8), a business record under FRE 803(6), and otherwise has sufficient circumstantial guarantees of trustworthiness to be admissible under FRE 807. This court disagrees. It is not a public record, but is a letter in response to a specific

inquiry by Mr. Barnhart. Although it may be properly authenticated by Mr. Barnhart, the letter sets forth facts to which Mr. Barnhart has no personal knowledge. The only admissible evidence of these facts would be testimony from the author of the letter. Therefore, Taylor motion to strike Exhibit E is granted.

However, Taylor has not disputed the fact that he failed to file any charge with the EEOC.

## II. WOEC's Motion to Strike

WOEC moves to strike the hearsay statements in the Declaration of Michael Taylor dated September 9, 2005, with his Surresponse concerning his conversations with BOLI. Taylor's statements as to when he contacted BOLI, what he said, and what he did in response is not hearsay, but is well within his personal knowledge. In addition, what the BOLI representative said to him is not hearsay if it is offered solely to prove notice and Taylor's state of mind as to why he delayed filing his complaint with BOLI, rather than the truth of the matter asserted. This court will consider those statements only for that limited purpose and deny WOEC's motion to strike.

## III. WOEC's Motion to Dismiss

Taylor's employment was terminated on April 29, 2002. Although he filed a charge of discrimination with BOLI, he never filed a charge of discrimination with the EEOC. WOEC claims that Taylor's failure to file a charge with the EEOC deprives this court of subject matter jurisdiction over his ADEA claim.

Taylor responds that WOEC did not timely file its motion to dismiss and, therefore, has waived its affirmative defense of the statue of limitations. He also argues that he timely filed his

claim with BOLI which vitiates the 300-day filing requirement with the EEOC and, if not, the deadline for filing with the EEOC should be equitably tolled.

   A.   **Timeliness of WOEC's Motion**

Taylor's objection to WOEC's motion to dismiss based on lack of subject matter jurisdiction as untimely is answered by the language of FRCP 12(h) (3) which provides that: "Whenever it appears by suggestion of the parties or otherwise that the court lack jurisdiction of the subject matter, the court shall dismiss the action." *Also see Augustine v. United States,* 704 F2d 1074, 1077 (9th Cir 1983). Therefore, a motion to dismiss for lack of subject matter jurisdiction is always timely.

However, WOEC alternatively moves for judgment on the pleadings based on the statute of limitations which is pled as the Fifth Defense in the Amended Answer and in the proposed Pretrial Order. This defense could have been considered either at the pretrial conference or in a motion for judgment as a matter of law at the conclusion of plaintiff's case. Although this motion could and should have been filed earlier, resolving this affirmative defense before trial is more efficient than waiting until trial.

Taylor also complains that counsel for WOEC did not comply with Local Rule 7.1(a) by first conferring before filing the motion to dismiss. Counsel for WOEC responds that he made a good faith effort to confer by telephoning the office of Taylor's counsel on the date of filing the motion, but the office was closed. Counsel did confer the next day and several times thereafter, but were unable to resolve the issues.

Telephoning the same day as filing a motion clearly does not comply with the letter or the spirit of Local Rule 7.1(a). However, striking WOEC's motion at this point is not warranted.

Even if the parties conferred earlier, they clearly would not have resolved the issues. This court will not require the futile act of striking this motion, only to have it refiled.

   B.   **Necessity for EEOC Filing**

In order to bring an ADEA claim in federal court, a plaintiff must first take the following procedural steps:

> No civil action may be commenced by an individual under this section *until 60 days after a charge* alleging unlawful discrimination *has been filed with the Equal Employment Opportunity Commission*. Such a *charge shall be filed –*
> (1) within 180 days after the alleged unlawful practice occurred; or
> (2) in a case to which section 633(b) of this title applies, *within 300 days after the alleged unlawful practice occurred*, or *within 30 days after receipt by the individual or notice of termination of proceedings under State law*, whichever is earlier. . .

29 USC § 626(d) (emphasis added)

This statute refers to 29 USC § 633(b) which applies to states with laws "prohibiting discrimination in employment because of age and establishing a State authority to grant or seek relief." Oregon has an adequate state anti-age discrimination statute under ORS 659A.030, as well as a state agency (BOLI). S*ee* ORS 651.020-050. Therefore, the deadlines set out in 29 USC §626(d)(2) apply in this case, and Taylor was required to file his charge of age discrimination within of 300 days after the alleged unlawful practice occurred, or 30 days of receipt of the notice of termination of state law proceedings, whichever was earlier.

Taylor was terminated from his employment on April 29, 2002. The 300-day deadline expired on February 23, 2003. Taylor filed a charge of discrimination with BOLI on or about April 14, 2003, which is within the one-year time period for filing claims of employment discrimination under state law, ORS 659A.820(1), but outside the 300-day deadline for an EEOC

6 - OPINION AND ORDER

filing. Taylor contends that his timely filing with BOLI vitiates the 300-day filing requirement of 29 USC § 626(d)(2).

The Supreme Court has interpreted 29 USC § 633(b) to require that plaintiffs in deferral states, such as Oregon, first resort to appropriate state administrative proceedings. *Oscar Mayer & Co. v. Evans*, 441 US 750, 753 (1979). However, 29 USC § 633(b) "requires only that the grievant *commence* state proceedings" *Id*, 441 US at 759 (emphasis in the original). Commencing state administrative proceedings need not be timely or effectual under state law. *Aronsen v. Crown Zellerbach*, 662 F2d 584, 587-88 (9th Cir 1981), *cert denied*, 459 US 1200 (1983), citing *Oscar Mayer*, 441 US at 758-764.

*Oscar Mayer* did not hold, as Taylor contends, that timely commencing a state administrative proceeding excuses an ADEA claimant from complying with the 300-day statutory period for filing a charge with EEOC. In its discussion of *Oscar Mayer*, the Ninth Circuit clarified that "[s]ection 633(b) pertains to the relationship between commencing state proceedings in deferral states and filing a federal suit, not to the relationship between commencing state proceedings and filing a federal notice or charge with the Secretary of Labor." *Aronsen*, 662 F2d at 588. As stated in *Hay v. Wells Cargo, Inc.*, 596 F Supp 635, 640 (D Nev 1984), *aff'd*, 796 F2d 478 (9th Cir 1986), "[t]he plaintiff in *Oscar Mayer* apparently had complied with the filing requirements of §626(d). Thus, the plaintiff's failure in the present case to comply with §626(d) distinguishes his case from *Oscar Mayer*" (citation omitted). Likewise, Taylor's reliance on *Reinhard v. Fairfield Maxwell, Ltd.*, 707 F2d 697, 699-700 (2nd Cir 1983) is misplaced. In that case, "it is undisputed that Reinhard filed his charge with the EEOC prior to bringing this suit and *within 300 days*") (emphasis added). Clearly, *Oscar Mayer* did not alter

the timing requirements of 29 USC § 626(d). Any other rule would mean that an ADEA claimant could intentionally wait until after the federal filing period had run, and then take advantage of the lengthier state filing period. This was surely not the intent of Congress.

Taylor also argues that the filing of a charge with BOLI is deemed to be a filing with both BOLI and the EEOC. 29 CFR § 1626.10(c); *McConnell v. General Tel. Co. of Cal.*, 814 F2d 1311, 1315-16 (9th Cir 1987), *cert denied*, 484 US 1059 (1988). Even if his filing with BOLI is deemed a "dual filing" with the EEOC, it was not timely filed with the EEOC for purposes of his ADEA claim.

Although Taylor telephoned BOLI sometime between February 3 and February 21, 2003, no such telephone communication was reduced to writing or converted at that time into a charge that was filed. 29 CFR § 1626.6 and § 1626.8(b) (an ADEA charge must be reduced to writing); *Greene v Whirlpool Corp.*, 708 F2d 128 (4th Cir 1983), *cert denied* 464 US 1042 (1984) (a charge under 29 USC § 626(d) must be in writing). The first writing that could possibly be construed as a charge of discrimination was the Intake Questionnaire which BOLI received on April 9, 2003. However, the space for alleging age discrimination was not checked. BOLI first received the signed Complaint charging age discrimination by facsimile from Taylor's attorney on April 14, 2003, 50 days after the 300-day deadline passed.

Taylor also argues that the ADEA is "humanitarian legislation that should not be construed in a technical manner," and that the court should either waive the 300-day filing requirement, deem his BOLI charge to be timely filed with the EEOC, or otherwise stay this action so he can return to BOLI and have it make the dual filing with the EEOC. However, the 300-day statute of limitations is a deadline, not a guideline. "Procedural requirements

established by Congress for vesting access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants . . . [I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Baldwin County Welcome Center v. Brown*, 466 US 147, 152 (1984). Even if this court granted Taylor a stay to file a charge of age discrimination with the EEOC, it would be a futile act. Since the 300-day deadline passed long ago, any EEOC filing now would be too late.

### D. Equitable Tolling

However, the requirement of filing an EEOC charge is akin to a statute of limitations and "the limitations period set forth in section 626(d)(2) may be equitably modified." *Naton v. Bank of California*, 649 F2d 691, 696 (9th Cir 1981). There are two forms of equitable modification: "equitable tolling, which often focuses on the plaintiff's excusable ignorance of the limitations period and on lack of prejudice to the defendant," and "equitable estoppel, which usually focuses on the actions of the defendant." *Id* (citations omitted). The plaintiff has the burden of establishing equitable tolling. *Hinton v. Pacific Enterprises*, 5 F3d 391, 395 (9th Cir 1993), *cert denied*¸ 511 US 1083 (1994); *Vaughn v. Teledyne, Inc.*, 628 F2d 1214, 1218 (9th Cir 1980).

The doctrine of equitable tolling "has been consistently applied to excuse a claimant's failure to comply with the time limitations where she had neither actual nor constructive notice of the filing period." *Leorna v. U. S. Dep't of State*, 105 F3d 548, 551 (9th Cir 1997). "If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing

suit until the plaintiff can gather what information he needs." *Johnson v. Henderson*, 314 F3d 409, 414 (9th Cir 2002), citing *Santa Maria v. Pac. Bell*, 202 F3d 1170, 1178 (9th Cir 2000).

Equitable tolling is not appropriate and the time period for filing "begins to run when the facts that would support a charge of discrimination would have been apparent to a similarly situated person with a reasonably prudent regard for his rights." *Boyd v. United States Postal Service*, 752 F2d 410, 414 (9th Cir 1985) (citations omitted). Otherwise, "[t]o excuse the failure to timely file under these circumstances would, in Judge Posner's words, 'trivialize the statute of limitations by promiscuous application of tolling doctrines.'" *Santa Maria,* 202 F3d at 1179, citing *Cada v. Baxter Healthcare Corp.*, 920 F2d 446, 453 (7th Cir 1990), *cert denied*, 501 US 1261 (1991). Equitable tolling focuses on the plaintiff's excusable ignorance of the limitations period and is "not available to avoid the consequences of one's own negligence." *Lehman v. United States,* 154 F3d 1010, 1016 (9th Cir 1998). Consequently, an employee's ignorance of his statutory rights, in itself, will not toll a statute of limitations. *See Larson v. American Wheel and Brake, Inc.,* 610 F2d 506, 510 (8th Cir 1979); *Quina v. Owens-Corning Fiberglass Corp.,* 575 F2d 1115, 1118 (5th Cir 1978).

After conferring with his lawyer on February 3, 2003, and before February 21, 2003, Taylor telephoned BOLI to report his discrimination charge. Supplemental Declaration of Michael Taylor, ¶ 3. That call occurred before the 300-day deadline expired on February 23, 2003. The BOLI intake representative said he or she would send him the appropriate forms for the detailed information. *Id*. By letter dated February 20, 2003, Taylor's lawyer asked him to contact his office after receiving the BOLI complaint form in order to help fill it out. *Id*, Ex 1. Not having received the promised paperwork, Taylor again contacted BOLI. *Id*. Still not

receiving the paperwork, Taylor's wife called his attorney who advised them to follow-up with BOLI, which they did. In another letter dated March 24, 2003, his lawyer reminded him to call BOLI to get the intake forms and then to make an appointment for help completing them. *Id*, Ex. 2. Sometime between March 24 and April 8, 2003, Taylor finally received the paperwork from BOLI which he completed and returned on April 8, 2003. *Id.* The Intake Questionnaire was received April 9, 2003, and Taylor signed the formal BOLI complaint on April 24, 2003. Declaration of Daniel R. Barnhart, Exhibits A & B.

Equitable tolling is not appropriate in this case because Taylor has not alleged facts, even if accepted as true, sufficient to establish an equitable basis for tolling the time limitations of 29 USC § 626(d). Regardless of whether he had actual knowledge of his rights and the filing requirements under the ADEA, he is deemed to have constructive knowledge.

WOEC conspicuously posted the required EEO notices at his place of employ. Declaration of Russell Green ¶ 2. Posting of such notices is required by 29 USC § 627. Failure to conspicuously post the informational EEO notices as required by the ADEA may result in a valid claim for equitable tolling "at least until as the aggrieved person seeks out an attorney or acquires actual knowledge of his rights under the Age Discrimination in Employment Act." *Bonham v. Dresser Industries, Inc.,* 569 F2d 187, 193 (3rd Cir 1977), *cert denied*, 439 US 821 (1978); *also see Cano v. United States Postal Service,* 755 F2d 221, 222-23 (1st Cir1985) (noting that failure to post is not dispositive; one must also look to whether the employee had received actual or constructive knowledge through other means); *Kephart v. Institute of Gas Technology*, 581 F2d 1287, 1289 (7th Cir 1978). Even if the employee asserts that he never saw the notices, the employer's compliance with the posting regulations "should not of itself require tolling of the

180-day period in which to file a notice of intent to sue." *Bonham*, 569 F2d at 193 n7; *see also Johnson*, 314 F3d at 416 (even if plaintiff did not see the EEO posters displayed at her workplace, she had constructive notice of the procedures and could not rely on equitable tolling); Because Taylor does not contest that WOEC conspicuously posted the required EEO notices at his place of employ, he is deemed to have had constructive notice of the filing deadlines at the time of his termination from employment. *Kale v. Combined Ins. Co. of Am.*, 861 F2d 746, 753 (2nd Cir 1988) (an employee is deemed to have constructive knowledge of his rights and the filing deadline "where an employee has fulfilled its statutory duty of conspicuously posting the official EEO notices that are designed to inform employees of their ADEA rights").

Furthermore, equitable tolling ceases to be appropriate once a plaintiff retains counsel "because she has gained the means of knowledge of her rights and can be charged with constructive knowledge of the law's requirements." *Leorna,* 105 F3d at 551 (internal citations and quotations omitted); also see *Leong v. Potter*, 347 F3d 1117, 1123 (9th Cir 2003). Thus, at the very least, Taylor acquired constructive knowledge of his ADEA rights when he retained counsel to represent him on February 3, 2003, which was 20 days before the running of the 300-day deadline. *Kale,* 861 F2d at 753 (equitable tolling does not apply because constructive knowledge is attributed to an employee in situations where he has retained an attorney); *Hay,* 596 F Supp at 640 ("Counsel are presumptively aware of whatever legal recourse may be available to their client, and this constructive knowledge of the law's requirements is thereby imputed to the ADEA claimant"); *Needham v. Beecham, Inc.*, 515 F Supp 460, 467 (D Me 1981) ("The courts have repeatedly held that equitable tolling is inappropriate when the plaintiff has consulted counsel before the statutory period").

If a plaintiff retains counsel before the deadline expires, the question is how much time the plaintiff has remaining in which to file a charge of discrimination. In *Leorna*, the court tolled the clock until the plaintiff retained counsel, then gave her the full amount of time allowed by statute (45 days) in which to file. However, in *Santa Maria*, the court declined to allow tolling when the plaintiff retained counsel before the end of that period, even though the plaintiff did not have access to vital information for part of the statutory period for filing. It reasoned that "equitable tolling may not be invoked by an ADA plaintiff who, within the limitations period, has sufficient information to know of the possible existence of a claim." *Id,* 202 F3d at 1178-79. In *Socop-Gonzalez v. INS*, 272 F3d 1176, 1185 (9th Cir 2001), the Ninth Circuit rejected the approach of *Santa Maria* as untenable because the court must determine whether the time remaining in the limitations period is sufficient for a plaintiff to bring a motion to reopen. *Id,* 272 F3d at 1195. It also found such reasoning to be contrary Supreme Court precedent and to undermine the policy objectives of the statutes of limitations. *Socop-Gonzalez* instead adhered to the traditional definition of tolling that "simply *stops the clock* until the occurrence of a later event that permits the statute to resume running." *Id*, citing *Am. Pipe & Const. Co. v. Utah*, 414 US 538, 561 (1974). Thus, the correct inquiry is whether a plaintiff timely "filed within the limitations period *after tolling is taken into account*." *Id,* 272 F3d at 1196.

Taylor does not allege any basis for excusable delay discovering that his employment had allegedly been terminated based on age. Instead he relies solely on the fact that, after he consulted an attorney, BOLI said that it would send him the requisite paperwork, but did not do so. Taylor's delay in contacting either an attorney, BOLI, or the EEOC after his termination from employment does not show "that his or her ignorance of the limitations period was caused

by circumstances beyond [his] control . . . and that these circumstances go beyond a 'garden variety claim of excusable neglect.'" *Id*, 272 F3d at 1185, citing *Stoll v. Runyon*, 165 F3d 1238, 1242 (9th Cir 1999). He had sufficient time after consulting an attorney in which to timely file his charge with BOLI. He does not allege that anyone at BOLI actively misled him or induced him not to file a charge of discrimination. Therefore, his interaction with BOLI does not provide sufficient cause to excuse Taylor's failure to exercise due diligence to file a timely charge. As a result, the 300-day filing deadline cannot be equitably tolled.

## **ORDER**

For the reasons set forth above, Taylor's Motion to Strike the Declaration of Daniel Barnhart (docket # 101) is GRANTED in part and DENIED in part; WOEC's Motion to Strike the hearsay statements in the Declaration of Michael Taylor (docket #112) is DENIED; and WOEC's Motion to Dismiss or, Alternatively, for Judgment on the Pleadings Based on the Statute of Limitations (docket # 87) is GRANTED.

DATED this 21st day of October, 2005.

s/ Janice M. Stewart<br>
Janice M. Stewart<br>
United States Magistrate Judge